## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tina Hammen<br>3 King Ave.<br>Marlton, NJ 08053<br><br>      Plaintiff,<br><br>v.<br><br>GC Services, LP<br>150 N Martingale Road, Suite 838<br>Schaumburg, IL 60173<br><br>      Defendant. | Case No.<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

1

9. On or around July 1, 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment.

10. During this communication, Plaintiff notified Defendant that Plaintiff could not received Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

11. During this communication, Defendant represented to Plaintiff that, if Plaintiff did not pay the full amount of the debt that day, Defendant would take legal action against Plaintiff.

12. During this communication, Defendant represented to Plaintiff that, if Plaintiff did not pay the debt, Plaintiff could spend up to 3 months in jail.

13. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment at least two more times in July 2008.

14. At the time of the communications referenced above, Defendant did not have the ability to take legal action against Plaintiff, nor did Defendant intend to take legal action against Plaintiff.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

  b. For such other legal and/or equitable relief as the Court deems appropriate.

            RESPECTFULLY SUBMITTED,

            Macey & Aleman, P.C.

            By: */s/ Alana M. Carrion*
            Alana M. Carrion
            17 Academy Street, Suite 615
            Newark, NJ 07102
            Tel: 1.866.339.1156
            Email: axc@legalhelpers.com
            *Attorney for Plaintiff*